

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ABDI MOHAMMED UMAR,

    Petitioner,

v.                                      Civil No. 2:16cv392
                                      Criminal No. 2:10cr56-5

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Abdi Mohammed Umar's ("Petitioner") successive Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, filed with authorization from the Fourth Circuit. ECF Nos. 450-51. Petitioner's § 2255 motion challenges his convictions under 18 U.S.C. § 924(c), seeking to extend the Supreme Court's retroactive ruling in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015). For the reasons explained below, Petitioner's § 2255 motion is **DENIED** on the merits.

Petitioner's three convictions under § 924(c) are only valid if each is predicated on a "crime of violence."[1] The controlling

---

[1] Petitioner was convicted of three § 924(c) offenses and one offense under § 924(o). His § 2255 motion arguably only attacks his § 924(c) offenses, although the basis underlying such argument appears to apply equally across all four § 924 offenses. Based on the collective challenges advanced by Petitioner and his codefendants, the Court considers the validity of all four of Petitioner's § 924 offenses, and the § 924(c) analysis set forth herein applies equally to the § 924(o) count.

federal statute defines "crime of violence" in two <u>alternative</u> ways: (1) through the § 924(c)(3)(A) "force clause," requiring that the predicate offense categorically includes the "use, attempted use, or threatened use of physical force" as an element of the offense; or (2) through the § 924(c)(3)(B) "residual clause," requiring that the predicate offense "by its nature, involves a substantial risk that physical force" may be used during the offense. 18 U.S.C. § 924(c)(3). Petitioner's § 2255 motion challenges the validity of his § 924(c) convictions by attacking the constitutionality of the § 924(c)(3)(B) residual clause, although to succeed, he must also demonstrate that the predicate crimes underlying his § 924(c) convictions are not "crime[s] of violence" under the § 924(c)(3)(A) force clause.

In light of multiple previously-pending appellate cases addressing these related issues, Petitioner's § 2255 case was taken under advisement by the Court for a significant period of time, and during such time, the Court ordered additional briefing in light of the state of emerging law. <u>See</u> ECF Nos. 493, 520. After such briefing, additional relevant cases were decided, the most notable being <u>United States v. Davis</u>, 139 S. Ct. 2319 (2019). In <u>Davis</u>, the Supreme Court held that the § 924(c)(3)(B) residual clause is unconstitutionally vague. <u>Id.</u> at 2336.[2] In light of

---

[2] To the extent that Petitioner's § 2255 motion can be interpreted as challenging his sentence based on the inclusion of a similar "residual

2

Davis, the question before this Court is whether Petitioner's § 924(c) offenses were each predicated on a categorical "force clause" crime of violence.

Here, Petitioner's § 924(c) convictions are not linked to a single underlying predicate crime, but rather, each § 924(c) count in the superseding indictment (as well as the § 924(o) count) is expressly cross referenced to <u>eight</u> purported predicate "crimes of violence" set forth "respectively in Counts 1, 2, 3, 4, 5, 6, 7 and 8 of th[e] [superseding] indictment." ECF No. 63, at 9-14. Subsequent to <u>Davis</u>, several of these cross-referenced offenses likely no longer qualify as a "force clause" crime of violence, to include any conspiracy offense that can be completed merely through reaching an agreement. However, Petitioner's § 2255 claim nevertheless fails because the record clearly establishes that he is properly attributed with three different "uses" of a firearm or destructive device during the commission of the categorical "crimes of violence" charged in Counts Five and Six, as well as the categorical crimes of violence charged in Counts Seven and Eight. The fact that other cross-referenced offenses may not qualify as crimes of violence under newly decided case law does not undermine the validity of Petitioner's § 924(c) convictions as long as at least one predicate crime qualifies as a force clause

---

clause" in the United States Sentencing Guidelines, such challenge is foreclosed by <u>Beckles v. United States</u>, 137 S. Ct. 886, 895 (2017).

3

"crime of violence." See United States v. Dire, 680 F.3d 446, 477 (4th Cir. 2012) ("Our precedent dictates the conclusion 'that multiple, consecutive sentences under § 924(c)(1) are appropriate whenever there have been multiple, separate acts of firearm use or carriage, <u>even when all of those acts relate to a single predicate offense</u>.'" (quoting United States v. Lighty, 616 F.3d 321, 371 (4th Cir. 2010))).

Considering first Counts Seven and Eight, these two counts charge Petitioner with Assault with a Dangerous Weapon on a Federal Officer, in violation of 18 U.S.C. § 111(a)(1) <u>and 111(b)</u>. Even assuming that an assault committed in violation of § 111(a)(1) is not a crime of violence because some forms of that crime may not require the use of "violent force," Petitioner was charged with and convicted of the enhanced "divisible" crime set forth in § 111(b), which requires, as an aggravating element: (1) the use of a deadly or dangerous weapon; or (2) the infliction of bodily injury. Such additional element elevates a § 111(b) offense to a categorical "crime of violence" under the § 924(c)(3)(A) "force clause." Larode v. United States, 356 F. Supp. 3d 561, 572 (E.D. Va. 2019). As another judge of this Court explained earlier this year in Larode:

> Section 111(b) establishes an enhanced penalty for any defendant who "uses a deadly or dangerous weapon . . . or inflicts bodily injury" in the course of "forcibly" assaulting, resisting, opposing, impeding, intimidating, or interfering with a federal officer in

4

> the course of that officer's performance of official duties. Both forms of an enhanced § 111(b) charge qualify as predicate crimes of violence under § 924(c)(3)(A). First, a deadly or dangerous weapon is "any object which, as used or attempted to be used, may endanger the life of or inflict great bodily harm on a person." United States v. Taylor, 848 F.3d 476, 493 (1st Cir.), cert. denied, -- U.S. --, 137 S. Ct. 2255 (2017) (quoting United States v. Sanchez, 914 F.2d 1355, 1358 (9th Cir. 1990))). Courts have uniformly held that by combining the requirement of "forcibl[e]" action with the use of a deadly weapon, § 111(b) "elevate[s] th[e] lower degree of physical force" under § 111(a) "into 'violent force' sufficient to establish § 111(b) as a 'crime of violence.'" United States v. Rafidi, 829 F.3d 437, 445-46 (6th Cir. 2016), cert. denied, -- U.S. --, 137 S. Ct. 2147 (2017); see Taylor, 848 F.3d at 492-93 ("[E]very court we are aware of that has considered the issue has found that [§ 111(b) qualifies as a crime of violence] because the elements of the enhanced offense require the use, attempted use, or threatened use of force capable of causing pain or injury."). This is true even "in the absence of physical contact": A defendant may be convicted of violating § 111 if he engages in "such a threat or display of physical aggression toward the officer as to inspire fear of pain, bodily harm, or death," which in combination with the use or brandishing of a deadly weapon is more than enough to satisfy § 924(c)(3)(A)'s requirement of the "threatened use of physical force." See Rafidi, 829 F.3d at 446. Second, "if 'a slap in the face' counts as violent force under Johnson [I]," then a fortiori a "forcible" act that "inflicts bodily injury" counts as well. See Taylor, 848 F.3d at 494 (citations omitted).
>
> Accordingly, § 111(b), one of the predicate offenses underlying [the defendant's] § 924(c)(3) conviction, qualifies as a crime of violence under the force clause.

Larode, 356 F. Supp. 3d at 572. Consistent with the holding in Larode, federal courts addressing § 111(b) offenses in the context of analyzing the § 924(c) force clause, or other similarly worded force clauses, have all held that § 111(b), when considered within

5

the framework that includes less serious crimes in § 111(a), is categorically a force clause crime of violence regardless of whether the § 111(b) crime is committed with a deadly weapon, or committed in a manner that causes "bodily injury." See, e.g., United States v. Hernandez-Hernandez, 817 F.3d 207, 216 (5th Cir. 2016) (analyzing whether "bodily injury" as required under § 111(b) requires "violent force" for the purposes of applying a "force clause" in the federal Sentencing Guidelines, and labeling it "not a difficult task" to conclude that "violent force" is required under § 111(b), as contrasted with § 111(a)); United States v. Kendall, 876 F.3d 1264, 1270 (10th Cir. 2017), cert. denied, 138 S. Ct. 1582 (2018) (finding that a § 111(b) violation is a "force clause" crime of violence under the Guidelines regardless of whether it is committed with a dangerous weapon or causes bodily injury); see also United States v. Lewis, 724 F. App'x 269, 270 n.* (4th Cir. 2018) ("We conclude that the district court did not plainly err in using 18 U.S.C. § 111(b) (2012) as the predicate offense underlying Lewis' § 924(c) conviction." (citing Taylor and Rafidi)).[3]

---

[3] This Court acknowledges that it may be possible to weave a fanciful hypothetical of a § 111(a) offense whereby the perpetrator intentionally "forcibly" assaults, resists, opposes, impedes a federal officer in a manner that constitutes only "simple assault," yet in doing so, inflicts bodily injury, creating a theoretical possibility of prosecution under § 111(b). Petitioner, however, does not identify a single case where § 111(b) was interpreted/applied in such manner, nor has the Court located any such case. After considering the language of the statute and the relevant case law, this Court rejects such a fanciful hypothetical for the same reasons it was

6

In addition to Counts Seven and Eight, the Government correctly argues that Counts Five and Six qualify as "force clause" crimes of violence. See ECF No. 520, at 2. Such counts each charge a violation of 18 U.S.C. § 113(a)(3), which criminalizes assault <u>with a dangerous weapon</u> committed <u>with the intent</u> to cause <u>bodily harm</u>. For reasons consistent with the above analysis of the elements of a § 111(b) offense, because a conviction under § 113(a)(3) categorically requires <u>both</u> that the assault be committed with a weapon and that it involve an attempt to cause bodily harm, such offense categorically satisfies the § 924(c)(3)(A) force clause. See United States v. Verwiebe, 874 F.3d 258, 261 (6th Cir. 2017), cert. denied, 139 S. Ct. 63 (2018) (finding that § 113(a)(3) requires violent force for the purposes of the Guidelines); United States v. Castillo, No. CR 12-02836 JCH, 2019 WL 1041336, at *4 (D.N.M. Mar. 5, 2019) ("Assault with a dangerous weapon under § 113(a)(3) requires intent to do bodily

---

rejected by the First Circuit in Taylor. See Taylor, 848 F.3d at 494-95 (noting that the Court "need not consider fanciful, hypothetical scenarios in determining whether a crime is a crime of violence") (internal quotation marks and citation omitted); United States v. Covington, 880 F.3d 129, 135 (4th Cir.), cert. denied, 138 S. Ct. 2588 (2018) ("This Court has made clear that its focus on the minimum conduct required for conviction does not give litigants [or courts] a green light to conjure up fanciful fact patterns in an attempt to find some nonviolent manner in which a crime could be committed.") (internal quotation marks and citation omitted). The fact that § 111 includes multiple "divisible" crimes with different punishments, as well as the fact that § 111(b) is the most serious form of criminal violation under such statute and includes a vastly enhanced maximum punishment, further suggests that § 111(b) does not sweep broadly enough to capture non-violent conduct.

7

harm and necessarily includes physical force as an element," thereby satisfying the § 924(c)(3)(A) force clause).

Because Petitioner's three § 924(c) offenses were based on separate "uses" of a firearm or destructive device in furtherance of at least one valid "force clause" crime of violence (here there were at least four valid force clause crimes of violence: two § 111(b) offenses and two § 113(a)(3) offenses), he is not entitled to habeas relief. Petitioner's § 2255 motion is therefore **DENIED**.[4] ECF No. 451.

Finding that Petitioner has failed to make a "substantial showing of the denial of a constitutional right," a certificate of appealability is **DENIED**. 28 U.S.C. § 2253(c)(2); see R. Gov. § 2255 Proc. for U.S. Dist. Cts. 11(a); Slack v. McDaniel, 529 U.S. 473, 483-85 (2000). Petitioner is **ADVISED** that because a certificate of appealability is denied by this Court, he may seek a certificate from the United States Court of Appeals for the Fourth Circuit. R. Gov. § 2255 Proceedings for U.S. Dist. Cts. 11(a). If Petitioner intends to seek a certificate of appealability from the Court of Appeals, he must do so **within sixty**

---

[4] The Government has argued both that Petitioner's § 2255 motion is untimely and that it fails on the merits for various reasons. ECF No. 520, at 2-3. Because this Court concludes that Petitioner's Johnson/Davis claim fails on the merits, the Court finds it unnecessary to reach the timeliness issue, which would require further briefing to address the impact of the Supreme Court's decision in Davis. See In re Hammoud, 931 F.3d 1032, 1039 (11th Cir. 2019) (concluding that the § 2255(h)(2) gatekeeping requirements are satisfied when Davis is read in conjunction with Welch v. United States, 136 S. Ct. 1257 (2016)).

(60) days from the date of this Order. Petitioner may seek such a certificate by filing a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510.

The Clerk is **DIRECTED** to forward a copy of this Memorandum Opinion and Order to Petitioner and the United States Attorney's Office in Norfolk, Virginia.

**IT IS SO ORDERED.**

/s/ 
Mark S. Davis
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
September 5, 2019